## Case No. 12,037.

ROOT v. GODARD.

[3 McLean, 102.] [1]

Circuit Court, D. Michigan. Oct. Term, 1842.

NOTES—GIVEN IN VIOLATION OF LAW—NOTICE—BONA FIDE HOLDER—CORPORATIONS.

1. Notes given by a corporation in violation of law are void.

[Cited in Root v. Wallace, Case No. 12,039.]

[Cited in Bissell v. Michigan Southern R. Co., 22 N. Y. 304; Leavitt v. Palmer, 3 N. Y. 34. Distinguished in Blunt v. Walker, 11 Wis. 351.]

2. Public laws limiting corporate powers are notice as well to persons out of the state where the laws were passed, as to those within it.

3. Such notes being void in their inception, are void in the hands of a bona fide holder.

[Cited in Root v. Wallace, Case No. 12,039.]

[Cited in brief in Cooke v. State Nat. Bank of Boston, 52 N. Y. 103; Cited in Land v. Coffman, 50 Mo. 248.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

Fraser & Joy, for plaintiff.

Mr. Romeyn, for defendant.

OPINION OF THE COURT. The facts in this case are agreed, and the argument is made as on a motion for a new trial. The suit is brought on certain notes by the plaintiff as holder, which are alleged to be void. They were issued by the Bank of Saline, and the Bank of Brest, and are subject to the act of the 28th March, 1836, called the "Safety Fund Act." [Laws Mich. 1835-36, p. 157.] This act provides that no monied corporation subject to it, "shall issue any bill or note of the said corporation, unless the same be made payable on demand, and without interest." These notes are in contravention of this act, and it is insisted that they are consequently void. There can be no doubt that a contract entered into by a corporation, that has no powers except those which are specially given to it, is void, if made in violation of law. The notes in question are not made payable on demand, but on time; and this being against the statute, makes the notes void. Are the notes void in the hands of a bona fide holder without notice? If they were void ab initio, they must be held so in the hands of such a holder. Wiggin v. Bush, 12 Johns. 310. But the plaintiff is not a holder without notice. The act of 1836, which limits and regulates the corporate powers of the above banks, is a public law, and is notice to the world in all cases where the banks exceed their powers. And this applies to persons out of the state of Michigan, the same as to those within it. If the plaintiff had notice of the illegality of the notes in their inception, such illegality can be shown by the indorser to defeat the action. 3 Kent, Comm. 80. Chit. Bills, 92, 112. The indorsement of the notes, under the circumstances, created no new liability, and conferred no rights. Judgment for the defendant.